IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELOISA MAXINE GRIEGO,**

    **Plaintiff,**

**v.**                                                                                                         **No. 15-cv-0555 SMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [Doc. 32] ("Motion"), filed on August 2, 2016. The Commissioner responded on August 16, 2016. [Doc. 34]. Plaintiff replied on August 29, 2016. [Doc. 35]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 25]. Plaintiff moves the Court for an award of $7,870.20 in attorney fees under EAJA. [Doc. 32] at 1. Having reviewed the record, the briefing, and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion is well-taken and should be granted.

### Background

The Commissioner denied Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. *See* Tr. 12. After exhausting her administrative appeals, Plaintiff timely filed an action in this Court on June 30, 2015. [Doc. 1].

The Court found that the administrative law judge ("ALJ") had erred in rejecting the opinion of Plaintiff's treating rheumatologist, Dr. Bankhurst. [Doc. 30] at 10–11. The ALJ gave "little weight" to Dr. Bankhurst's opinion[1] because (1) the doctor's assessed limitations were not supported by objective medical evidence; (2) there were no observations of problems with Plaintiff's hands, fingers, or walking in her two most recent visits with Dr. Bankhurst (on October 14, 2013, and January 13, 2014); (3) Plaintiff was "observed in September 2012 to run to her car [without issue];" and (4) Plaintiff had an unremarkable physical examination in June 2013 even though she had been without pain medication. Tr. 21–22. The Court determined that these reasons were not legally sufficient to support the ALJ's rejection of Dr. Bankhurst's treating opinion about the functional limitations of Plaintiff's fibromyalgia. [Doc. 30] at 10–11. Although the ALJ's findings might satisfy the first phase of the familiar treating physician rule,[2] they did not satisfy the second phase. *Id.*

The ALJ's reasons were adequate for his decision to accord less than controlling weight to Dr. Bankhurst's opinion, but they were not adequate for his decision to essentially reject it. *Id.* The Court found that, at most, the ALJ's reasons corresponded to the third and fourth

---

[1] Dr. Bankhurst indicated that Plaintiff suffers from chronic musculoskeletal pain that "constantly" interferes with the attention and concentration required for simple tasks. Tr. 503. Dr. Bankhurst opined that Plaintiff's pain caused the following limitations: (1) walking half a city block before experiencing pain, (2) sitting for 10 minutes at a time and 1 of 8 hours in a workday, (3) standing and walking for 10 minutes at a time and 1–2 hours in an 8-hour workday, (4) requiring the ability to shift between sitting, standing, and walking, (5) requiring unscheduled breaks every hour for 15 minutes in duration and four or more absences per month, (6) lifting up to 10 pounds occasionally, (7) using her hands, fingers, and arms for grasping, fine manipulations, and reaching only 20% of the workday. Tr. 503–04. On March 23, 2015, Dr. Bankhurst provided a letter to the Social Security Administration indicating that Plaintiff continued to suffer from chronic musculoskeletal fatigue and fibromyalgia, could not afford her prescribed medication (Lyrica) with her insurance, and she remained disabled. Tr. 529.

[2] When properly rejecting a treating physician's opinion, an ALJ must follow two phases. First, the ALJ must find that the opinion is not supported by medical evidence and/or is not consistent with the record. Such a finding supports an ALJ's decision to accord less than controlling weight to the opinion. Second, after determining that the opinion is not entitled to controlling weight, the ALJ must still give deference to the opinion and determine the amount of weight it merits according to certain factors. *E.g., Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527, 416.927.

*Watkins* factors (the degree to which the physician's opinion is supported by relevant evidence and consistency between the opinion and the record as a whole). Under different circumstances, those reasons might have sufficed to reject the opinion. In this case, though, the ALJ rejected Dr. Bankhurst's opinion in favor of the opinions of two non-examining physicians, Tr. 21–22, which were expressly contingent on Plaintiff's having rheumatoid arthritis, Tr. 79, 103.[3] The ALJ, however, did not find that Plaintiff has rheumatoid arthritis. He found that she has fibromyalgia. Tr. 15. Accordingly, by their own terms, the non-examining opinions could not support the ALJ's decision. Considering that their opinions were irrelative, the Court found that it was reversible error for the ALJ to reject Dr. Bankhurst's treating opinion in favor of the opinions of the non-examining doctors. [Doc. 30] at 10–11. Accordingly, the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. *Id.* at 12.

### **Analysis**

Plaintiff now requests an award of attorney fees in the amount of $7,870.20 pursuant to EAJA. [Doc. 32] at 1. The Commissioner opposes the Motion because, she argues, her position was substantially justified. [Doc. 34] at 3–7. The Commissioner further argues that the amount requested is unreasonable. *Id.* at 8–9. Finally, she argues that any fees awarded should be made payable to Plaintiff and not her attorney. *Id.* at 9.

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a

---

[3] As the ALJ noted in his decision, both doctors "remarked that[,] assuming [Plaintiff]'s diagnosis of rheumatoid arthritis was correct, and assuming compliance with standard rheumatoid treatment by a qualified rheumatologist, [Plaintiff] should be able to function as described herein, with the possible exception of acute flares." Tr. 21–22.

prevailing party or that no special circumstances would make the award unjust.  Instead, they disagree about whether the Commissioner's position was substantially justified, whether the fees requested are reasonable, and whether any fees should be paid to Plaintiff or her attorney. [Docs. 34, 35].

The Commissioner bears the burden of showing that her position was substantially justified.  *Hackett*, 475 F.3d at 1172.  Her "position" collectively refers to her positions at the administrative level and before the federal courts in a given case.  28 U.S.C. § 2412(d)(2)(D). EAJA fees generally should be awarded if the ALJ's reasons for denying benefits were unreasonable, "even if the government [subsequently] advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted).

"The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Id.* at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).  Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted)).  A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct."  *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566).

Similarly, a district court's order affirming a final decision by the Commissioner does not itself mean that the Commissioner's position *was* substantially justified.  *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988).  For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that h[er] position was substantially justified, either

in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

### The Commissioner's position was not substantially justified.

In this case, the Commissioner argues that her position was substantially justified. [Doc. 34] at 3–7. However, she does not meaningfully develop her argument. Rather, she describes certain portions of Dr. Bankhurst's records, [Doc. 34] at 4–5 (citing Tr. 503–04), summarizes the treating physician rule, and summarily concludes "that the ALJ reasonably considered the opinion of Dr. Bankhurst in evaluating Plaintiff's residual functional capacity" ("RFC"). *Id.* at 5. The most she offers is a quote from the Court's opinion that the "question was close." *Id.* at 7. The Court is not persuaded that the Commissioner's position was substantially justified.

Although the ALJ's findings satisfied the first phase of the familiar treating physician rule (regarding whether Dr. Bankhurst's opinion merited *controlling* weight), they did not satisfy the second phase (regarding *how much* weight Dr. Bankhurst's opinion should be accorded). [Doc. 30] at 10–11. More importantly, though, the ALJ's RFC assessment was not supported by substantial evidence because (rather than relying on Dr. Bankhurst's opinion) it relied on the opinions of two non-examining physicians, and those opinions were irrelative by their own terms.[4]

---

[4] Specifically, those opinions were expressly contingent on Plaintiff's having rheumatoid arthritis. The ALJ, though, did not find that Plaintiff had rheumatoid arthritis; he found that she had fibromyalgia. Tr. 15.

As the Commissioner points out, the Court did say that it was a close question whether the ALJ had mis-applied the treating physician rule. [Doc. 34] at 7 (quoting [Doc. 30] at 10). That argument, however, addresses only one aspect of the reversible error (i.e., the application of the treating physician rule). It fails to account for another (albeit overlapping) aspect of the ALJ's reversible error (i.e., reliance on stale medical opinions). Even if the Court looked at the ALJ's reasons for rejecting Dr. Bankhurst's opinions in a vacuum and decided that they were reasonable, the Court cannot say that his reliance on the stale non-examining opinions (in formulating the RFC assessment) was reasonable. *See Chapo v. Astrue*, 682 F.3d 1285 (10th Cir. 2012) (reversing and remanding where the ALJ had relied on the "patently stale opinion" of an examining physician).

In fact, the Commissioner makes no effort to argue otherwise. She offers nothing to explain how relying on the stale non-examining opinions (in formulating the RFC assessment) could be seen as reasonable. The Court finds that there was no reasonable basis for the ALJ to rely on medical opinions that, by their own terms, were inapposite. The Commissioner's refusal to concede that the ALJ erred in relying on the stale opinions was similarly not reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 161–62 (1990) (stating that "EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items"); *Hackett v. Barnhart*, 475 F.3d 1166, 1173 n.1 (10th Cir. 2007) (rejecting the argument that EAJA fees can be denied solely because the government prevailed on a majority of issues). Accordingly, the Commissioner fails to show that her position was substantially justified.

**The amount of time requested is reasonable.**

Plaintiff requests 37.85 hours of attorney time at $185.21 per hour and 8.6 hours of paralegal time at $100 per hour, for a total of $7,870.20. [Doc. 33] at 2. Defendant argues that this amount of time (46.45 hours total) is higher than the "typical number of hours spent on Social Security disability claims[, which is] 20 to 40 hours." [Doc. 34] at 8. Based on this argument alone, Defendant asks the Court to "reduce the number of compensable hours to a more reasonable amount." *Id.* at 9. Defendant offers no further explanation about why 37.85 attorney hours and 8.6 paralegal hours is not reasonable in this case, nor does she suggest what a more reasonable amount might be. *See id.* The Court is not persuaded.

The Court finds that time requested here—37.85 attorney hours and 8.6 paralegal hours—is within the average range for social security appeals in this district. *See generally Medina v. Astrue*, 2010 WL 1254835, at *3 (D. Colo. Mar. 26, 2010) (citing *Hayes v. Sec. of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir.1990) (30 to 40 hours was the average amount of time spent on a social security case) and citing *DeGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (compensated hours in social security cases generally range from 20 to 40 hours)). Plaintiff's opening brief comprised 32 pages, addressing five issues, and the reply brief comprised 13 pages. Multiple arguments were developed by Plaintiff, and the briefing was of high quality and, therefore, helpful to the Court. Accordingly, the Court finds that Plaintiff's counsel exercised good billing judgment. The time requested—37.85 hours of attorney time at $185.21 per hour and 8.6 hours of paralegal time at $100 per hour, for a total of $7,870.20—is reasonable.

Finally, the parties have discussed to whom the fee award should be made payable: Plaintiff or her attorney.  [Doc. 34] at 9; [Doc. 35] at 8.  There is no real dispute.  Plaintiff requests that the award be made payable to her attorney, [Doc. 35] at 8, and Defendant seems to agree, as long as certain conditions are met.  Defendant explains, in pertinent part:

> If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney.  However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff, but delivered to Plaintiff's attorney.

[Doc. 34] at 9.  It appears that Defendant's plan is acceptable to Plaintiff.  *See* [Doc. 35] at 8.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 32] is **GRANTED**, and Plaintiff Eloisa Maxine Griego is authorized to receive $7,870.20 for payment to her attorney for services before this Court as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made

under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**